AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

SAMUEL R. MELAMED (State Bar No. 301303)
srm@severson.com
SEVERSON & WERSON
A Professional Corporation
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

| | |
|---|---|
| CHARLES MILLER,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A.; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 1:21-cv-00337 SKO<br>Hon. Sheila K. Oberto<br><br>**STIPULATION AND ORDER AMENDING COURT'S SCHEDULING ORDER**<br><br>**(Doc. 38)** |

Pursuant to Federal Rule of Civil Procedure 16(b)(4), plaintiff Charles Miller ("Plaintiff") and defendant Bank of America, N.A. ("Bank of America") (collectively, the "Parties"), by and through their respective attorneys of record, hereby stipulate and request that the Court enter an order modifying the Court's December 23, 2022 Scheduling Order, (ECF No. 37), to extend the current fact discovery cutoff and expert witness disclosure dates. The Parties request no other amendments to the Scheduling Order.

## I.  REQUEST

Good cause exists to modify the fact and expert discovery deadlines in the Scheduling Order under Fed. R. Civ. Proc. 16(b)(4). Aside from the discovery deadlines, the Parties are not seeking any other changes to the current Scheduling Order. (ECF No. 37.)

Courts are "given broad discretion in supervising the pretrial phase of litigation." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 984 (9th Cir. 2011).  Under Rule 16(b), the Court may modify a previous schedule upon a showing of good cause.  Good cause under Rule 16(b) exists for continuing the pre-trial dates where the scheduling deadlines cannot be met, despite a party's diligent efforts.  Fed. R. Civ. Proc. 16(b); *see also, Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson, supra,* 975 F.2d at 609; *U.S. ex rel. Schumer v. Hughes Aircraft Co.,* 63 F.3d 1512, 1526 (9th Cir. 1995).  A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order.  *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Parties are diligently litigating the claims and defenses alleged in this Action, but they foresee the need for additional time to complete fact discovery and retain and designate experts.  The Parties are currently engaged in written discovery, and in meeting and conferring about the written discovery responses and deadlines. To ensure productive and efficient depositions, the Parties are waiting to conduct party and witness depositions until after written discovery and document productions are underway.  In order to allow time for possible discovery motions, the Parties make the instant request, which also allows the Parties additional time to identify and designate experts.  Other than these brief extensions to the fact discovery cutoff (approximately 60 days) and expert disclosure dates

(approximately 30 days), the Parties are not requesting any other changes to the Court's Scheduling Order.  *See* Declaration of Samuel R. Melamed.

This is the first requested extension of any date in the Court's Scheduling Order.  The requested extensions will not affect the trial date for this action, or any other date or deadline contained in the Court's Scheduling Order.  (ECF No. 37.)

## II.  STIPULATION

Based on the foregoing, the Parties stipulate as follows:

1. Good cause exists to extend the fact discovery cutoff and expert witness disclosures, and neither Party will be prejudiced by the request.

2. The deadline to complete all non-expert discovery, including motions to compel any non-expert discovery, shall be continued from November 10, 2023, to January 12, 2024.

3. The deadline to disclose all expert witnesses, in writing, shall be continued from January 19, 2024, to February 16, 2024

4. The deadline to disclose all rebuttal experts, in writing, shall be continued from February 16, 2024, to March 15, 2024.

5. Except as modified above, the Court's Scheduling Order, ECF No. 37, and all dates and deadlines therein, shall remain unchanged.

IT IS SO STIPULATED.

DATED: September 5, 2023     SEVERSON & WERSON
                             A Professional Corporation


By: _____/s/ Samuel R. Melamed_____
         SAMUEL R. MELAMED

Attorneys for Defendant BANK OF AMERICA, N.A.


DATED: September 6, 2023     THE FOLLAND LAW GROUP


By: _____/s/ Brian N. Folland_____
         BRIAN N. FOLLAND

Attorneys for Plaintiff CHARLES MILLER


## **ORDER**

Based on the foregoing stipulation of the parties, and for good cause shown (Fed. R. Civ. P. 16(b)(4)), the Scheduling Order (Doc. 37) is hereby MODIFIED as follows:

1. The deadline to complete all non-expert discovery, including motions to compel any non-expert discovery, is continued from November 10, 2023, to January 12, 2024;

2. The deadline to disclose all expert witnesses, in writing, is continued from January 19, 2024, to February 16, 2024; and

3. The deadline to disclose all rebuttal experts, in writing, shall be continued from February 16, 2024, to March 15, 2024.

All other dates set forth in the Scheduling Order shall remain unchanged.

IT IS SO ORDERED.

Dated:   **September 7, 2023**                        /s/ *Sheila K. Oberto*
                                                                                     UNITED STATES MAGISTRATE JUDGE