# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MILLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　　Defendant.<br>_____/ | Case No.  1:21-cv-00337-SKO<br><br>**ORDER VACATING HEARING AND GRANTING DEFENDANT'S UNOPPOSED MOTION FOR JUDGMENT ON THE PLEADINGS, WITH LEAVE TO AMEND**<br><br>(Doc. 45) |

## I.　　INTRODUCTION

On April 24, 2024, Defendant Bank of America, N.A. ("BANA") filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the ground that Plaintiff Charles Miller ("Plaintiff") has failed to join Plaintiff's wife as a required party under Fed. R. Civ. P. 19. (Doc. 45.)  Plaintiff did not file a response to the motion.  (*See* Docket.)

Accordingly, the motion is deemed unopposed, and the hearing set for May 29, 2024, will be vacated.  *See* E.D. Cal. L.R. 230(c), (g).  For the reasons set forth below, BANA's motion for judgment on the pleadings will be granted, with leave to amend.

## II.　　BACKGROUND

For the purposes of this motion, the Court assumes the truth of the factual allegations in the operative complaint.[1]  At all relevant times, Plaintiff held at least two bank accounts with BANA. (Doc. 27 ¶ 5.)  Plaintiff's wife Judy Miller ("Wife")—who is 66 years old and afflicted with early onset dementia—was a joint owner of both accounts.  (*Id*. ¶¶ 5–6.)  Plaintiff had instructed BANA

---

[1] *See* Section III, *infra.*

not to process any transfers over $1,000 from the accounts without written approval from both account holders. (*Id*. ¶ 5.) Despite this instruction, BANA allowed Wife to transfer more than $830,000 from the joint accounts to third party fraudsters posing as government agents from December 2019 to September 2020 without Plaintiff's knowledge or approval. (*Id*. ¶¶ 6–7.) Plaintiff alleges that many of Wife's transfers were sent to foreign countries, and BANA has refused to reimburse Plaintiff for the transfers. (*Id*. ¶ 8.)

Plaintiff filed the initial complaint against BANA in Fresno County Superior Court on January 27, 2021, Case No. 21-CEGC-00242. (*See* Doc. 1-1 at 4–11.) BANA removed the action to this Court on the basis of diversity jurisdiction on March 5, 2021. (*See generally* Doc. 1.) BANA then filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5.)

After granting BANA's motion to dismiss on August 26, 2022, Plaintiff was given leave to file an amended complaint. (*See* Doc. 24.) The First Amended Complaint, filed October 14, 2022, alleges claims against BANA for negligence and elder abuse. (*See* Doc. 27.)

On April 24, 2024, BANA timely filed a motion for summary judgment. (*See* Doc. 44. *See also* Doc. 37 (Scheduling Order).) Along with its motion for summary judgment, BANA filed the instant motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). No response to either motion was filed by Plaintiff.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion—whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief." *Torres v. Carescope, LLC*, No. 2:15-cv-00198-TLN-CKD, 2020 WL 6939032, at *1 (E.D. Cal. Nov. 25, 2020) (citing *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

2      In analyzing a Rule 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010). "[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

## IV. DISCUSSION

BANA contends that it is entitled to judgment on the pleadings because Wife is a person required to be joined as a party to this lawsuit under Fed. R. Civ. P. 19(a). That Rule provides, in pertinent part:

> *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> [. . . ]
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). Parties determined to be required under Rule 19(a) "***must*** be joined if feasible." *McLaughlin v. International Ass'n of Machinists & Aerospace Workers*, 847 F.2d 620, 621 (9th Cir. 1988) (emphasis added); *see also* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.") (emphasis added). Rule 19(a) sets forth two circumstances in which joinder is not feasible: when the absent party is not subject to service of process and when joinder would destroy subject matter jurisdiction. *Martinez v. Clark Cnty., Nev.*, 846 F. Supp. 2d 1131, 1147 (D. Nev. 2012); Fed. R. Civ. P. 19(a)(1).

BANA asserts that because Wife is a joint owner with Plaintiff of the BANA bank accounts from which the allegedly unauthorized transfers were made, joinder is required under Rule 19(a)(1)(B) as Wife's "ability to protect her interest in the joint account balances will clearly be impaired if a judgment, in her absence, binds and extinguishes her interest in the account balances." (Doc. 45-1 at 4.) On the other hand, "if Wife is not bound by a judgment in her absence, BANA will be subject to a substantial risk of incurring double obligations—first to Plaintiff in this suit, and then to Wife in a follow-on case." (*Id*.)

The Court agrees and Plaintiff has not disputed that Wife is a person required to be joined as a party under Rule 19(a). Plaintiff pleads in the First Amended Complaint that the two bank accounts at issue in this case are "joint [BANA] accounts, which [Wife] shared with Plaintiff," and the accounts "under Plaintiff's name and [Wife] . . . had been joint accounts for many years." (Doc. 1 ¶ 5.) Taking these allegations as true, Wife, as an owner of these joint accounts with Plaintiff, has an interest in those accounts. *See* Cal. Prob. Code §§ 5301, 5302. *See also* 12 C.F.R. § 330.9. Under these circumstances, courts have held that joinder is required. *See, e.g., Ortega v. Suntrust Bank*, No. 12-CV-20182-UU, 2012 WL 13014696, at *2 (S.D. Fla. Aug. 29, 2012) (finding joint account holder is a necessary party under Rule 19(a)); *Dillard v. Cooper*, No. CIV-88-999-T, 1989 WL 110302, at *1 (W.D. Okla. Aug. 15, 1989) ("Michael claims an interest in the joint account, and is so situated that the disposition of the action in his absence would leave the defendants subject to a substantial risk of incurring inconsistent obligations regarding the joint account."); *Home State Bank v. Fuell*, 654 F. Supp. 113, 115 (D.P.R. 1987) (joinder of wife necessary because wife and defendant-husband jointly owned property, including bank account, that could be attached in the process of executing judgment against defendant-husband); *Grant County Deposit Bank v. McCampbell*, 194 F. 2d 469, 472 (6th Cir. 1952) (agreeing with other courts that a partner has an interest in a partnership account arising out of a partnership transaction and is an indispensable party to an action seeking its enforcement).

Courts have also found that a joint bank account holder, as a signatory to the bank's account agreement, is a required party under Rule 19(a) in an action, like this one, which implicates that agreement. *See Zahmoul v. NBH Bank*, No. 22-CV-221-ABJ, 2023 WL 3919456, at *1 (D. Wyo.

Feb. 21, 2023) (finding, in action alleging wrongful conduct in connection with the defendant bank's transfer of money from a joint account, that the joint account holder was required to be joined). *See also Wolf Mountain Resorts, LC v. Talisker Corp.*, No. 07–CV–00548DAK, 2008 WL 65409, at *3 (D. Utah Jan. 4, 2008) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party.") (internal citation omitted); *Perkins v. Standard Oil Co. of California*, 3 Fed. R. Serv. 2d 378, 1960 WL 59302, at *4 n.9 (D. Or. 1960) (joint obligees are considered required parties). *Accord Fiscus v. Combus Fin. AG*, No. 03–1328 (JBS), 2007 WL 4164388, at *5 (D.N.J. Nov. 20, 2007) ("When a court is called upon to interpret the terms of a contract and to evaluate whether the parties to the contract have breached those terms or upheld their respective responsibilities, the absence of one or more of the parties exposes the absent party to precisely the kind of risks that Rule 19(a)[(1)(B)](i) empowers courts to guard against.").

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Wife is a required party who should be joined to the present action under Rule 19(a). Joinder of Wife is feasible, as it appears Wife is subject to service of process, and her joinder will not destroy subject matter jurisdiction. Plaintiff has not argued, much less shown, otherwise.

Thus, in accordance with the mandate of Rule 19(a), the Court hereby GRANTS Defendant Bank of America, N.A.'s unopposed motion for judgment on the pleadings (Doc. 45), with leave to amend. **By no later than seven (7) days of the date of this order**, Plaintiff shall file a Second Amended Complaint that joins Plaintiff's wife, Judy Miller (or her representative, next friend, or guardian ad litem, if appropriate, *see* Fed. R. Civ. P. 17), as a party to this lawsuit.

The hearing set for May 29, 2024, is hereby VACATED.

IT IS SO ORDERED.

Dated:   **May 16, 2024**                       /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

5