# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MILLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:21-cv-00337-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER TO JOIN A NECESSARY PARTY UNDER RULE 19**<br><br>(Doc. 46)<br><br>**FOURTEEN DAY DEADLINE** |

　　　On January 27, 2021, Plaintiff Charles Miller ("Plaintiff") commenced this action against Defendant Bank of America, N.A. ("BANA") in Fresno County Superior Court.  (*See* Doc. 1-1 at 4–11.)  BANA removed the action to this Court on the basis of diversity jurisdiction on March 5, 2021.  (*See generally* Doc. 1.)  BANA then filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 5.)

　　　After granting BANA's motion to dismiss on August 26, 2022, Plaintiff was given leave to file an amended complaint.  (*See* Doc. 24.)  The First Amended Complaint, filed October 14, 2022, alleges claims against BANA for negligence and elder abuse.  (*See* Doc. 27.)

　　　BANA filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on April 24, 2024, on the ground that Plaintiff has failed to join Plaintiff's wife ("Wife") as a required party under Fed. R. Civ. P. 19.  (Doc. 45.)  Plaintiff did not file a response to the motion.  (*See* Docket.)

　　　On May 16, 2024, the Court granted BANA's motion for judgment on the pleadings, finding

1  that Wife is a required party who should be joined to the present action under Rule 19(a). (*See* Doc.
2  46.) The Court ordered Plaintiff, by no later than seven days of the date of the order, to file a Second
3  Amended Complaint that joined Wife (or her representative, next friend, or guardian ad litem, if
4  appropriate) as a party to this lawsuit. (*Id*. at 5.) Plaintiff did not file an amended complaint joining
5  Wife as a party by the deadline.

6      The Local Rules of the United States District Court for the Eastern District of California,
7  corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel
8  or of a party to comply with . . . any order of the Court may be grounds for the imposition by the
9  Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.
10 "District courts have inherent power to control their dockets," and in exercising that power, a court
11 may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los*
12 *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure
13 to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.,*
14 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an
15 order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th
16 Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d
17 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

18     In addition, because Wife has been determined to be a required party whose joinder is
19 feasible under Rule 19(a), she "***must*** be joined." *McLaughlin v. International Ass'n of Machinists*
20 *& Aerospace Workers*, 847 F.2d 620, 621 (9th Cir. 1988) (emphasis added); *see also* Fed. R. Civ.
21 P. 19(a)(2) ("If a person has not been joined as required, the court ***must*** order that the person be
22 made a party.") (emphasis added).

23     **Accordingly, Plaintiff is ORDERED to show cause, <u>within fourteen (14) days of the</u>**
24 **<u>date of service of this Order</u>, why the Court should not dismiss this case for Plaintiff's failure**
25 **to comply with the Court's order to join a necessary party under Rule 19.** Alternatively, within
26 that same time period, Plaintiff may file (1) a Second Amended Complaint that joins Plaintiff's wife,
27 Judy Miller (or her representative, next friend, or guardian ad litem, if appropriate), as a party to this
28 lawsuit, or (2) a notice of voluntary dismissal. **The Court further CAUTIONS Plaintiff that the**

1 **failure to act within 14 days of the date of service of this order will result in the dismissal of**
2 **this action.**

IT IS SO ORDERED.

Dated:   **May 28, 2024**                    /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE