# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:21-cv-00337-SKO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS TO JOIN A NECESSARY PARTY UNDER RULE 19**<br><br>(Doc. 48) |

　　　　On January 27, 2021, Plaintiff Charles Miller ("Plaintiff") commenced this action against Defendant Bank of America, N.A. ("BANA") in Fresno County Superior Court. (*See* Doc. 1-1 at 4–11.) BANA removed the action to this Court based on diversity jurisdiction on March 5, 2021. (*See generally* Doc. 1.) BANA then filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5.)

　　　　After the Court granted BANA's motion to dismiss on August 26, 2022, Plaintiff was given leave to file an amended complaint. (*See* Doc. 24.) The First Amended Complaint, filed October 14, 2022, alleges claims against BANA for negligence and elder abuse. (*See* Doc. 27.)

　　　　BANA filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on April 24, 2024, on the ground that Plaintiff failed to join Plaintiff's wife ("Wife") as a required party under Fed. R. Civ. P. 19. (Doc. 45.) Plaintiff did not file a response to the motion. (*See* Docket.)

　　　　On May 16, 2024, the Court granted BANA's unopposed motion for judgment on the

1  pleadings, finding that Wife is a required party who must be joined to the present action under Rule
2  19(a).  (*See* Doc. 46.)  The Court ordered Plaintiff, by no later than seven days of the date of the
3  order, to file a Second Amended Complaint that joined Wife (or her representative, next friend, or
4  guardian ad litem, if appropriate) as a party to this lawsuit.  (*Id*. at 5.)  Plaintiff did not file an
5  amended complaint joining Wife as a party by the deadline.

6  On May 29, 2024, an order issued for Plaintiff to show cause ("OSC") within fourteen days
7  why the Court should not dismiss this case for Plaintiff's failure to comply with the Court's order
8  to join a necessary party under Rule 19.  (Doc. 48.)  Plaintiff was warned in the OSC that the failure
9  to act within the time allowed would result in the dismissal of this action.  (*Id*. at 2–3.)  Plaintiff did
10  not file any response to the OSC, and the time to do so has passed.

11  The Local Rules of the United States District Court for the Eastern District of California,
12  corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel
13  or of a party to comply with . . . any order of the Court may be grounds for the imposition by the
14  Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.
15  "District courts have inherent power to control their dockets," and in exercising that power, a court
16  may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los*
17  *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure
18  to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.,*
19  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an
20  order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th
21  Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d
22  1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

23  In addition, because Wife has been determined to be a required party whose joinder is
24  feasible under Rule 19(a), she "***must*** be joined." *McLaughlin v. International Ass'n of Machinists*
25  *& Aerospace Workers*, 847 F.2d 620, 621 (9th Cir. 1988) (emphasis added); *see also* Fed. R. Civ.
26  P. 19(a)(2) ("If a person has not been joined as required, the court ***must*** order that the person be
27  made a party.") (emphasis added).

28

Based on Plaintiff's failure to comply with, or otherwise respond to the Court's orders to join a necessary party under Rule 19, this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 17, 2024**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE